**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerson FLETES–RAMOS, aka Guero, Defendant–Appellant.**

### No. 13–30129.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 3, 2015.*

Filed Sept. 10, 2015.

Helen J. Brunner, Esquire, Assistant U.S., Michael Symington Morgan, Assistant U.S., Lisca Borichewski, Assistant U.S., Richard Edward Cohen, Assistant U.S., Karyn Johnson, Esquire, Assistant U.S., Mark Paul Parrent, Assistant U.S., Donald M. Reno, Jr., Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jason Brett Saunders, Law Offices of Gordon & Saunders, PLLC, Seattle, WA, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

### MEMORANDUM [**]

Gerson Fletes–Ramos challenges the 56–month sentence imposed following his 2013 conviction for illegal reentry under 8 U.S.C. § 1326(a). We affirm.

Fletes–Ramos first argues that his Sixth Amendment rights were violated when the judge, rather than a jury, determined facts used to sentence him to a prison term that exceeded the advisory Guidelines range, which was 41 to 51 months. This argument fails, however, because Fletes–Ramos's sentence was well within the 20–year statutory maximum for illegal reentry. The district court judge was entitled to "exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute." *Apprendi v. New Jersey,* 530 U.S. 466, 481, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis in original); *see also United States v. Mix,* 457 F.3d 906, 914 (9th Cir.2006) (noting that "the advisory Guidelines remedy ... 'gives the sentencing judge discretion to sentence outside the guideline range'") (quoting *United States v. Dupas,* 419 F.3d 916, 919 (9th Cir.2005)); *United States v. Ray,* 484 F.3d 1168, 1171 (9th Cir.2007).

Fletes–Ramos next argues that his prior state conviction for heroin delivery should not have triggered a 12–level Guidelines sentencing enhancement as a felony punishable by more than one year. Because Fletes–Ramos never raised this argument during sentencing proceedings, it is subject to plain-error review. *United States v. Jackson,* 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam) ("Ninth Circuit precedent requires that a specific argument clearly be raised in the district court."). Application of the sentencing enhancement was not plain error because the Oregon statute under which Fletes–Ramos was convicted carries a 20–year statutory maximum and *United States v. Murillo* has not been abrogated or overruled and remains binding law in this circuit. 422 F.3d 1152, 1155 (9th Cir.2005) (holding that, in determining whether a crime is punishable by more than one year, the operative term is "the potential maximum sentence defined by the applicable state criminal statute").

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.